UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61868-CIV-COHN/SELTZER

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,

   Plaintiff,

vs.

GRACE & NAEEM UDDIN, INC., a
Florida corporation, GRACIELA UDDIN,
an individual, and NAEEM UDDIN, an
individual,

   Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNT I OF THE COMPLAINT

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Count I of Plaintiff's Complaint [DE 5]. The Court has considered the Motion, Plaintiff's Opposition, the record in this case and is otherwise advised in the premises.[1]

On November 20, 2008, Plaintiff filed the Complaint [DE 1] alleging claims for (1) specific performance/injunctive relief, (2) contractual indemnity, (3) common law indemnification, (4) contractual exoneration, and (5) common law exoneration. The claims arise from Payment and Performance Bonds that Plaintiff issued, as surety, on behalf of Defendant Grace & Naeem Uddin, Inc. in connection with two separate construction projects in Dade County. In addition, as a condition precedent to issuing the Bonds, the Individual Defendants executed an Indemnity Agreement in favor of

---

[1] Although the Court granted Defendants' Unopposed Motion for Extension of Time [DE 13], which sought additional time to file a Reply to Plaintiff's Opposition, Defendants never filed a Reply.

Plaintiff.

On December 12, 2008, Defendants filed their Answer and Affirmative Defenses ("Answer") to the Complaint. However, Defendants' Answer did not respond to Count I of the Complaint, which consists of Plaintiff's demand for Specific Performance/Injunctive Relief, that is the posting of collateral sufficient to cover Plaintiff's actual and/or potential losses pursuant to the terms of the Indemnity Agreement. Instead, Defendants filed the instant Motion to Dismiss.

In the Motion to Dismiss, Defendants argue that in connection with a claim for specific performance, a plaintiff must allege: (1) the existence of a valid and binding contract, (2) that the terms of the contract are clear, certain and unambiguous, and (3) that an award of damages would not fully compensate the plaintiff. (Motion to Dismiss at 2-3.) Defendants acknowledge that Plaintiff properly alleged the existence of a valid and binding contract but take issue with the two remaining elements.

First, Defendants argue that Plaintiff "has failed to allege that the terms of the contract are clear, certain and unambiguous." (Id. at 2.) Defendants do not actually point to any ambiguity contained in the Indemnity Agreement, which was attached to the Complaint. Moreover, Plaintiff's Opposition details the particular allegations in the Complaint that give rise to the specific performance claim alleged in Count I. Accordingly, the Court finds that Plaintiff has met its burden to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant notice of what the claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

Second, Defendants argue that Plaintiff's allegations "that it has no adequate

2

remedy at law are repugnant with Count II of its Complaint for Contractual Indemnity." (Motion to Dismiss at 2.) Further, Defendants assert that the "allegations in this matter depict only a surety on a performance bond seeking relief for costs incurred from an indemnitor. If the surety is successful and recovers on its indemnification claim, it would in fact be adequately compensated." (Id. at 3.)

Plaintiff argues that it "bargained for the right to be collateralized in addition to its ultimate right for indemnity, and the right to be collateralized against potential future loss is a right for which specific performance is indeed appropriate and necessary." (Opposition at 5.) Plaintiff's Opposition sets forth substantial authority affirming that money damages are not adequate to protect a surety against future claims and/or losses. See, e.g., Safeco Ins. Co. of Am. v. Schwab, 739 F.2d 431, 433 (9th Cir. 1984) ("Sureties are ordinarily entitled to specific performance of collateral security clauses. If a creditor is to have the security position for which he bargained, the promise to maintain the security must be specifically enforced.") (quotation omitted); U.S. Fid. & Guar. Co. v. Stanley Contracting, Inc., 303 F.Supp.2d 1169, 1174-75 (D. Or. 2004) (court granted specific enforcement term requiring indemnitors to post security in order to protect the surety from future losses); see also Opposition at 4 n.2 (citing cases). Further, Plaintiff cites a recent decision by the Honorable Alan S. Gold that squarely rejects the argument raised by Defendants. In particular, Judge Gold writes:

> Defendants argue that specific performance is inappropriate because Liberty has an adequate remedy at law. However, courts have found that a surety's loss of its right to collateralization cannot be adequately remedied through monetary damages. See, e.g., Feibus, 15 F.Supp. 2d 579 (surety was entitled to specific performance in order to protect the surety's bargained-for rights to collateral security). Furthermore, cases discussing preliminary injunctions, have held that a preliminary injunction

3

is warranted to enforce a surety's rights if the principal is insolvent or secreting assets. See, e.g., Glades County v. Detroit Fidelity & Surety Co., 57 F.2d 449, 452 (5th Cir. 1932). Liberty Mut. Ins. Co. v. Aventura Eng'g & Constr. Corp., 534 F. Supp. 2d 1290, 1322 (S.D. Fla. 2008). In light of this authority, the Court finds that Defendants' argument that Plaintiff has an adequate remedy at law must be rejected at this stage. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Count I of Plaintiff's Complaint [DE 5] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Defendants shall file an Amended Answer, which responds the allegations in Count I of the Complaint [DE 1], on or before **April 21, 2009**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 15th day of April, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

4