UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61868-CIV-COHN/SELTZER

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,

      Plaintiff,

vs.

GRACE & NAEEM UDDIN, INC.,
GRACIELA UDDIN and NAEEM UDDIN,

      Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration of and to Vacate the Order Denying Travelers' Motion for Partial Summary Judgment [DE 86]. The Court has considered the Motion, the record in this case, and is otherwise advised in the premises.

"'The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made[.]" Id. "In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Association For Disabled Americans, Inc. v. Amoco Oil Co., 211 F.R.D. 457, 477 (S.D. Fla. 2002). Plaintiff's Motion fails to meet this standard.

Plaintiff's Motion for Partial Summary Judgment claimed that Plaintiff is entitled to partial summary judgment in the amount of $951,048.88, which represents the losses and expenses Plaintiff incurred in connection with issuing construction bonds to Defendants. Plaintiff argued that the terms of the General Agreement for Indemnity in favor of Travelers, entered into by Plaintiff and Defendants on or about May 22, 1998 ("Indemnity Agreement"), and the law regarding sureties entitles Plaintiff "to indemnity for all payments made by it in good faith and under a belief that it might be liable regardless of whether actual liability exists." DE 53 at 3.

In response, Defendants argued that "this matter is not about a surety settling a claim to limit liability where collateral was not posted, this case is about a surety's wanton mounting of costs and fees in a case where it proffered no settlement funds whatsoever." DE 63 at 2. Defendants stated that Plaintiff "made payments to Qualex Consulting, an unqualified and unlicensed consultant, absent any defined scope for Qualex's work and without oversight to determine if Qualex was billing for the same work that [Plaintiff's counsel] was billing." Id. at 3. In support of the foregoing claim, Defendants pointed to affirmative evidence in the record, including that an individual from Qualex Consulting Group, with no legal background, billed Plaintiff (1) 830.5 hours for document review and research, and (2) over 150 hours for travel. Id. at 10-12. Defendants argued that if Plaintiff is entitled to indemnification, "it is only entitled to reasonable fees and costs." Id. at 3.

Plaintiff did not offer evidence or argument to establish that the fees and expenses Plaintiff incurred were reasonable. Instead, Plaintiff's Reply maintained the position that Defendants must indemnify Plaintiff for the full amount of Plaintiff's losses unless Defendants can demonstrate that Plaintiff engaged in "fraud,

2

dishonesty or unlawful conduct." DE 72 at 2.

As discussed in the Court's Order Denying Travelers' Motion for Partial Summary Judgment, there are two key provisions in the Indemnity Agreement. Paragraphs 3 and 4 of the Indemnity Agreement provide as follows:

> 3. <u>Indemnification and Hold Harmless</u>  The Indemnitor shall exonerate, indemnify and save the Company harmless from and against every claim, loss, damage, demand, liability, cost, charge, suit, judgment, attorney's fee, and expense which the Company incurs in consequence of having executed, or procured the execution of such Bonds. Expense includes the cost of procuring or attempting to procure release from liability, or in bringing suit to enforce this Agreement against any Indemnitor.
>
> 4. <u>Claim Settlement</u>  The Company shall have the right, in its sole discretion, to determine for itself and the Indemnitor whether any claim or suit brought against the Company or the Indemnitor upon any such Bond shall be paid, compromised, settled, defended or appealed, and its decision shall be binding and conclusive upon the Indemnitor. An itemized statement thereof sworn by an employee of the Company or a copy of the voucher of payment shall be prima facie evidence of the propriety and existence of Indemnitor's liability. The Company shall be entitled to reimbursement for any and all payments made by it under the belief it was necessary or expedient to make such payments.

The Court considered the terms of the Indemnity Agreement in light of two well-established principles of law.

First, a surety has broad discretion to settle a claim and the only defense to indemnity for the settlement is bad faith on the part of the surety. <u>See, e.g., Liberty Mut. Ins. Co. v. Aventura Eng'g & Constr. Corp.</u>, 534 F. Supp. 2d 1290, 1302-08 (S.D. Fla. 2008); <u>Employers Ins. of Wausau v. Able Green, Inc.</u>, 749 F. Supp. 1100, 1103 (S.D. Fla. 1990); <u>General Accident Ins. Co. of Am. v. Merritt-Meridian Constr. Corp.</u>, 975 F. Supp. 511, 516 (S.D.N.Y. 1997). To establish bad faith, an indemnitor must demonstrate that the surety acted with "deliberate malfeasance" which means "'an intentional wrongful act which the actor has no legal right to do, or any wrongful

3

conduct which affects, interrupts, or interferes with the performance of official legal duty.'" Liberty Mut. Ins. Co., 534 F. Supp. 2d at 1316 (citing Employers Ins. of Wausau, 749 F. Supp. at 1103).

Second, courts have found that, even where it is not expressly stated, the concept of "reasonableness" must be applied to any claim for indemnification of attorney fees. See, e.g., Ideal Electronic Security Co., Inc. v. International Fidelity Insurance Company, 129 F.3d 143, 148-149 (D.C. Cir. 1997) ("courts in other jurisdictions have indicated that, as a general matter, a surety must show something akin to reasonable necessity when seeking attorney fees under an indemnity agreement") (emphasis in original); Neustrom v. Union Pacific Railroad Company, 156 F.3d 1057, 1068 (10th Cir. 1998) ("a duty to act reasonably must be read into every contract, including the terms of indemnification clauses").[1]

The Court concluded that Plaintiff's right to reimbursement for settlement payments is governed by a standard of good faith; whereas indemnification for fees and expenses is governed by a reasonableness standard. The Court found this interpretation consistent with the case law and the terms of the Indemnity Agreement. The Court noted that the language creating a "good faith" standard, i.e., Plaintiff "shall be entitled to reimbursement for any and all payments made by it under the belief it

---

[1] Plaintiff asserts that the Court looked to "the law of jurisdictions other than Florida for this implied distinction." DE 86 at 3. The Court's Order discussed the decision of R. W. King Const. Co. v. City of Melbourne, 384 So. 2d 654 (Fla. 5th DCA 1980), in which a Florida court dealt with a hold harmless provision similar to that found in Paragraph 3 of the Indemnity Agreement. In that case, "[t]he contractual agreement between the parties was that the contractor and its surety would indemnify and save the City harmless of and from ' . . . all costs, expenses and damages, including litigation costs and attorney's fees arising out of or in connection with . . .' any default by the contractor." Id. at 655. The court "construe[d] the contractual obligation to be one for the payment of reasonable attorney's fees." Id.

was necessary or expedient to make such payments," is contained in the provision entitled "Claim Settlement" and is absent from Paragraph 3 which discusses attorney's fees and expenses.

Plaintiff argues that the good faith standard must also be applied to Plaintiff's fees and expenses because Paragraph 4 provides Plaintiff with the sole discretion of whether "any claim or suit . . . shall be . . . defended or appealed." Therefore, according to Plaintiff, "Travelers can recover its payments made to defend a claim (including attorney's fee and costs of procuring or attempting to procure release of liability) under the same standard as settlements (i.e., with the 'belief it was necessary or expedient to make such payments')." DE 86 at 2.  The Court disagrees. Even though Paragraph 4 endows Plaintiff with the discretion of whether to settle or defend a claim, it does not allow Plaintiff to obtain reimbursement for unreasonable fees and expenses.

The Court acknowledges that several of the cases contain broad language, which at first glance, could be interpreted to apply to the specific circumstances of this case.  See Waterhouse v. McDevitt and Street Co., 387 So. 2d 470 (Fla. 5th DCA 1980); Liberty Mut. Ins., 534 F. Supp. 2d 1290; Revenue Markets, Inc. v. Amwest Sur. Ins. Co., 35 F. Supp. 2d 899 (S.D. Fla. 1998).  The issue of the reasonableness of the fees and expenses, however, was not raised or discussed in these three opinions.

In Thurston v. International Fidelity Ins. Co., 528 So. 2d 128 (Fla. 3d DCA 1988), the defendant did challenge the "reasonableness" of the legal costs and fees incurred by the surety.  There, defendant hired an attorney "and paid him $5,000 for a successful defense of that action.  Unknown to [defendant], [plaintiff] had retained the

5

same attorney and had paid him $5,132.24 for defending both [defendant] and [plaintiff] against the same claim." Id. at 128. When plaintiff demanded indemnification for the legal costs and fees incurred, defendant refused on the basis that it was unreasonable for the parties to pay twice for the same defense. The Court found for the surety on the basis that it made the payments in good faith. Id. at 129. Significantly, the court found that the "reasonableness" of the amount of fees was not in dispute. "The issue obviously is not a question of reasonableness of the fee since the amount paid to the law firm by [defendant], the reasonableness of which is not questioned, is approximately the same amount paid to the law firm by [plaintiff], for what [defendant] alleges was the same service." Id. If the court's holding in Thurston applied regardless of whether or not the amount of the fee was reasonable, it would be unnecessary for the court to even address this point. In any event, the opinion in Thurston makes clear that the reasonableness of the amount of fees and costs was not at issue as it is in the case before this Court.

The case of Employers Ins. of Wausau, 749 F. Supp. 1100, presents a closer question, as it deals with payments made to laborers, sub-contractors and "substantial expenses" incurred by the surety. Nevertheless, in this action, the Court declines to apply the same lenient standard that Plaintiff possesses in the context of settling a claim to the costs and expenses which Plaintiff incurs in investigating or defending against a claim. This decision is based on (1) the language in the Indemnity Agreement; and (2) the case law that stands for the proposition that the concept of "reasonableness" must be read into indemnification provisions. The Court finds that the concept of good faith is particularly suited to evaluate a surety's decision to settle a

claims. A decision that is difficult to quantify and often made in the face of the inherent uncertainty of litigation. The same justification is not present in evaluating the reasonableness of fees and expenses, which is a practice that courts regularly engage in.

The Court concludes that even if a "good faith" standard is applied to fees and expenses, such a standard must contain the concept of reasonableness unlike the standard applied to a surety's right to settlement claims. It cannot be that an indemnitor has no defense against a surety which incurred unreasonable expenses due to its own "gross negligence." Employers Ins. of Wausau, 749 F. Supp. at 1103. "Indeed, if good faith in this context did not include reasonableness, the indemnitee would have no incentive to police its attorneys' activities and charges, since it could simply dump any and all charges billed onto the indemnitor. Such a result would make no sense." Ideal Electronic, 129 F.3d at 150.

### III. CONCLUSION

Based on the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Express Save Industries, Inc.'s Motion for Reconsideration [DE 62] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of November, 2009.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record